UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ESTATE OF PERRY KEVIN BEARD                                          Plaintiff

v.                                               Civil Action No. 3:18-cv-00493-RGJ

G4S SECURE SOLUTIONS USA, INC.                           Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Estate of Perry Kevin Beard ("Beard") sued Defendant G4S Secure Solutions USA, Inc. ("G4S") in Jefferson County Circuit Court alleging discrimination and unlawful discharge under KRS 344 and retaliation under KRS 433.280. [DE 1-3, Compl. at ¶¶ 10–14]. G4S removed the case to this Court on diversity-of-citizenship jurisdiction. [DE 1 at ¶ 3]. Beard now moves to remand the case back to Jefferson County Circuit Court [DE 5], G4S moves to dismiss the Complaint [DE 6], and Beard moves to stay G4S's Motion to Dismiss until resolution of the Motion to Remand [DE 8]. These matters are ripe for judgment. [*See* DE 7; DE 9; DE 10]. For the reasons below, the Court **GRANTS** Beard's Motion to Remand, **DENIES AS MOOT** G4S's Motion to Dismiss, and **DENIES AS MOOT** Beard's Motion to Stay.

## BACKGROUND

Beard was employed by G4S when he suffered severe medical complications and related anxiety. [DE 1-3 at ¶ 6]. Beard claims that he disclosed his medical condition to G4S and sought accommodations. *Id.* at ¶¶ 8–9. G4S denied Beard's accommodations request, and after he voiced opposition, the company terminated him. *Id.* Beard sued in Jefferson County Circuit Court alleging discrimination and unlawful discharge. *Id.* at ¶¶ 10–14. The Complaint states that the "amount in controversy in this matter exceeds the jurisdictional minimum [of Jefferson County Circuit Court]

1

but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." *Id.* at ⁋ 4.

Without completing any discovery, G4S removed the case to this Court on diversity-of-citizenship jurisdiction. [DE 1 at ⁋ 3]. Beard then moved to remand, claiming that this Court lacks jurisdiction because the amount in controversy is less than $75,000. [DE 5 at 63]. Beard attached a stipulation to his Motion affirming that he will neither seek nor accept any relief equal to or greater than $75,000. [DE 5-1 at 65]. G4S responds that Beard's post-removal stipulation does not destroy diversity jurisdiction and that the Court should deny the Motion. [DE 7 at 95].

## DISCUSSION

### A. Standard of Review

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Beard does not dispute that complete diversity of citizenship exists between the parties. [DE 5]. Rather, he disputes only whether the amount-in-controversy requirement is satisfied. *Id.* Thus, the question for the Court is whether G4S properly removed the action in the first instance based on the amount in controversy at the time of removal and, if so, whether Beard's post-removal stipulation destroys diversity jurisdiction.

B.     **Amount in Controversy**

Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers*, 230 F.3d at 872 (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). Two rules of Kentucky procedure complicate the question of proper removal to federal court in regard to the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states that "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This enables a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it is "more likely than not" that the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford*, 997 F.2d at 158.

To establish the jurisdictional threshold, "[a] defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy." *Shannon v. PNC*

*Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015). Evidence of the amount of damages can be obtained through pre-removal interrogatories or requests for admissions. *Id.*; *see also Sanders v. Print Fulfillment Servs., LLC*, No. 3:17CV-245-CRS, 2017 WL 2624550, at *3 (W.D. Ky. June 16, 2017). That said, the defendant's failure to conduct pre-removal discovery does not necessarily foreclose the ability to establish the requisite amount in controversy at the time of removal. *See Shannon*, 2015 WL 3541850, at *3.

In workplace-discrimination and retaliation cases, defendants routinely establish the amount in controversy by calculating the value of the plaintiff's compensatory and punitive damages. *See Jenkins*, 2018 WL 6728571, at *2; *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *2 (W.D. Ky. Oct. 1, 2012); *Blocker v. PPG Indus., Inc.*, No. 3:17-CV-29-DJH, 2017 WL 3431136, at *3 (W.D. Ky. Aug. 9, 2017). Courts have noted that "[b]ack pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where . . . the plaintiff seeks past and future wages." *Blocker*, 2017 WL 3431136, at *3 (internal quotation marks and citation omitted) (estimating that the trial would occur one year from removal); *see also Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014).

Along with back pay, courts also consider other types of damages and fees when calculating the amount in controversy, including emotional-distress damages, punitive damages, and statutory attorneys' fees. *Blocker*, 2017 WL 3431136, at *3. For example, in *Shupe*, the Sixth Circuit upheld the district court's finding that the amount in controversy was at least $75,000 when the defendant presented evidence that the plaintiff earned $15 per hour and worked 42.5 hours per week. 566 F. App'x at 480. In that case, assuming the trial would occur one year after removal, the plaintiff's back pay damages would total $68,250. *Id.* The court considered this amount along with the plaintiff's request for damages for humiliation, embarrassment, and attorneys' fees. *Id.*

Ultimately, the court found that "it [was] more likely than not that the amount in controversy was at least $75,000." *Id.*

Beard specifically states in his Complaint that the "amount in controversy exceeds the jurisdictional minimum of [the Jefferson County Circuit Court] but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." [DE 1-3 at ¶ 4]. G4S conducted no discovery but relies on the fact that Beard was a salaried employee earning $60,000 per year. [DE 1 at 3]. G4S asserts that Beard would have earned $30,576.87 in back pay between the time his employment with G4S ended on February 13, 2017 and his death on August 19, 2017. *Id.* at 3–4. G4S also relies on the fact that Beard seeks punitive damages, attorneys' fees, and damages for emotional distress, mental anguish, humiliation, embarrassment, and lost benefits to establish that "in the aggregate, Plaintiff's potential damages more likely than not exceed $75,000." [DE 7 at 96].

While it is conceivable that Beard is entitled to approximately $60,000 based on his request for punitive damages, attorneys' fees, and other types of damages, G4S claims that Beard could be awarded punitive damages at a one-to-one or two-to-one ratio with back pay and "[t]he Kentucky Supreme Court has found attorneys' fees of $212,500 to be reasonable in a case brought under the KCRA" are speculative. [DE 1 at 4]. These claims thus do not "establish that, at the time of removal, it was more likely than not that the amount in controversy in this case exceeded the sum of $75,000." *Sanders*, 2017 WL 2624550, at *2. Accordingly, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is not satisfied, and the Court lacks diversity jurisdiction.

**C.     Post-Removal Stipulation**

Even if the amount-in-controversy requirement had been met, Beard asserts that he has made a binding stipulation that would destroy diversity jurisdiction. The Sixth Circuit has held

5

"that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added). Courts in this District have noted that a plaintiff's stipulations reducing the amount in controversy below the jurisdictional threshold after removal are disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this District have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins*, 2018 WL 6728571, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded.").

In his Complaint, Beard specifies that the "amount in controversy exceeds the jurisdictional minimum of [Jefferson County Circuit Court] but is less than $75,000 inclusive of fees, punitive

damages and the fair value of any injunctive relief." [DE 1-3 at ⁋ 4]. In his Motion to Remand and in the post-removal stipulation, Beard again states he will not seek or accept damages equal to or greater than $75,000. [DE 5; DE 5-1 at ⁋ 2]. As a result, Beard's post-removal stipulation is not his first specific statement of the alleged damages and is instead identical to his first statement made in the Jefferson County Circuit Court. Beard has not sought to *reduce* the amount in controversy below the jurisdictional threshold after removal but simply made consistent statements about the amount of damages, all of which are below the jurisdictional threshold. Thus, his statements at the time of removal and post-removal are the same.

In *Jenkins* the plaintiff stated in her complaint that "the amount in controversy . . . is less than $75,000 inclusive of fees, punitive damages and other fair value of any injunctive relief," and made a post-removal stipulation that she would not seek or accept an award greater than $75,000. 2018 WL 6728571, at *3. The court held that "when the complaint includes language which discusses the amount in controversy, that language, although improper and disregarded under pleading rules, does not prevent the filing of a subsequent stipulation to clarify the amount in controversy." *Id.* at *4. The court found this particularly true where the statements were consistent.[1] *Id.* at *3.

Much like the plaintiff in *Jenkins*, Beard includes language in his Complaint limiting the amount in controversy to less than $75,000. [DE 1-3 at ⁋ 4]. Beard's Complaint does not bar him from making a post-removal stipulation to clarify or re-assert that he will not seek or accept an

---

[1] The holding in *Blocker*, No. 3:17-CV-29-DJH, 2017 WL 3431136 (W.D. Ky. Aug. 9, 2017) does not apply here because there is no attempt by Beard to *reduce* the amount in controversy below the jurisdictional threshold post-removal, nor is the post-removal stipulation inconsistent with statements made before removal. Blocker's complaint did not demand a specific amount but did contain several statements about the damages Blocker sought to recover, which exceeded the $75,000 amount-in-controversy threshold. Thus, Blocker's stipulation was not the first statement of the amount in controversy and could not be considered a "clarification rather than a reduction." *Blocker*, 2017 WL 3431136, at *3 at 2 (quoting *Shupe*, 566 F.3d App'x at 481).

7

award greater than that amount. This result follows the well-established principle that "federal courts are courts of limited jurisdiction, [and] any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court," *Tankersley*, 33 F. Supp. 3d at 777, as well as the notion that the plaintiff is the "master of the claim," *Jenkins*, 2018 WL 6728571, at *4. Accordingly, Beard's stipulation is a clarification that the amount in controversy is below the jurisdictional threshold.

Further, Beard's post-removal stipulation must be "unequivocal" to defeat diversity jurisdiction. *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment"—"[t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe*, 566 F. App'x at 781. "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5. Given that Beard incorporates the "seek nor accept" language in his post-removal stipulation, it is an unequivocal statement that limits his damages. [DE 5-1 at ¶ 2].

Because Beard's stipulation is both a clarification of the amount in controversy and unequivocal, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is not satisfied. The Court thus lacks jurisdiction over the matter, and the case must be remanded. Moreover, G4S's Motion to Dismiss and Beard's Motion to Stay must be denied as moot.

**CONCLUSION**

Having thus considered the parties filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that Beard's Motion to Remand [DE 5] is

**GRANTED;** G4S's Motion to Dismiss [DE 6] is **DENIED AS MOOT**; and Beard's Motion to Stay [DE 8] is **DENIED AS MOOT**.  This is a final and appealable order.



Cc:   Counsel of record